# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AVINOAM DAMTI,**

    **Plaintiff,**

**v.**             **Civil Action No. 2:07cv28**
                 **(Judge Maxwell)**

**OFFICER GONZALEZ, OFFICER MURPHY, OFFICER
PHELPS, OFFICER CURRAS, R. WILSON, VERONICA
FERNANDEZ, WILLIAM LAYHUE, R. TRYBUS, OFFICER
YOUNG, OFFICER LEISURE, OFFICER GARCIA, CAROL
KONCHAN, WARDEN AL HAYNES, WARDEN DOMINIC
GUTIERREZ, ASST. WARDEN SUSAN S. MCCLINTOCK,
DR. WATERS, ADMINISTRATOR BRESCOACH, MARTHA
BLANCO, KIM WHITE, HARRELL WATTS, CAPT. OF USP
HAZELTON, OFFICER GRADISKA, BUREAU OF PRISONS,**

    **Defendants.**

## ORDER DIRECTING PLAINTIFF TO FILE
## ADDITIONAL PROOF OF EXHAUSTION

On April 3, 2007, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. In the complaint, the plaintiff seeks a declaratory judgment, a preliminary injunction and an award of compensatory and punitive damages for alleged violations of his constitutional rights. More specifically, the plaintiff alleges that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him and by being deliberately indifferent to his serious medical needs.

In support of his claims, the plaintiff, a minimum security inmate, asserts that he was improperly housed with maximum security inmates. Those inmates made repeated threats against the plaintiff and his family. The plaintiff reported those threats to institutional staff and requested help. However, the plaintiff asserts that it was not until after he was actually assaulted by those

inmates that staff took any action on his behalf. The plaintiff further asserts that he was injured as a result of the assault and that staff has been deliberately indifferent to his serious medical needs.

In the complaint, the plaintiff asserts that he has exhausted his administrative remedies and has attached copies of those remedies as exhibits to his complaint. Upon a review of those documents, it appears that the plaintiff has in fact exhausted his claim that staff has been deliberately indifferent to his serious medical needs. However, the Court cannot find reference to the plaintiff's failure to protect claim in those documents.

Accordingly, within **twenty (20) days** from the date of this Order, the plaintiff is directed to provide the Court with a copy of his administrative remedies with respect to his claim that the defendants failed to protect him. The failure to comply with this Order in the allotted time will result in the recommendation that these claims be dismissed for the failure to exhaust.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: July 12, 2007.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE